**Arlie Roy POPE, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 1127.**

Supreme Court of Alaska.

Feb. 25, 1971.

James R. Clouse, Jr., Anchorage, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., and Richard R. Felton, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

ERWIN, Justice.

ON PETITION FOR REHEARING

Appellant argues in his petition for rehearing that he in fact requested in-

---

structions pertaining to the substantive test for insanity and made timely objections to the instructions concerning the definition of insanity which were given by the trial court. In support of these contentions, appellant alludes to an in-chambers conference, not on the record, during which appellant asserts he made extensive objections to the trial court's proposed charge to the jury. Without reaching any issues of veracity, we are of the view that basic fairness to all parties to an appeal requires that we limit our review to matters appearing in the record.[1]

■ Appellant did request two separate instructions concerning insanity and the burden of proof in cases where insanity is an issue. One of these instructions was based on the *Chase* case and the other upon a substantially different theory. However, from the record it appears that no objection was made to the trial court's definition of insanity.

The trial court did give a definition of insanity which was identical with that required by *Chase* and which was suggested in one of appellant's requested instructions.

The only objection advanced by appellant to the court's instruction on the issue of insanity and the burden of proof was directed to the issue of burden of proof.[2] The entire focus of appellant's arguments to the trial court was on the burden of proof issue. Appellant did not present arguments or expert testimony on the record which raised the issue of insanity.[3] Therefore, we are left in considerable doubt as to whether this issue was presented with sufficient clarity to the trial court to be reviewed on appeal.[4]

We, therefore, deny the Petition for Rehearing.[5]

CONNOR, Justice (dissenting).

I would grant rehearing for the reasons set forth in my dissenting opinion. I would not grant rehearing, however, for the reasons which have been advanced by counsel for appellant in the petition for rehearing.

1. There is a practical problem of getting all parties to agree to events occurring in the heat of trial when there is no admittedly impartial third party to record them. We do not wish to be forced to make a choice of conflicting versions of unrecorded events from persons who are officers of the court.

2. This same choice was made by appellant in argument for a judgment of acquittal at the close of the state's case, on motion for a judgment of acquittal at the close of all the evidence, in the Statement of Points on Appeal, and in the Specification of Error in appellant's brief filed in this court.

3. The trial court noted that the testimony of the only psychiatrist, Dr. Langdon, did not support any claim of mental illness or mental defect except for diminished capacity.

4. Crim.R. 30(a) specifically requires that objections to instructions must be clearly stated as to the matter which is objectionable in order to give the trial court the necessary opportunity to correct possible errors.

5. We call attention to members of the bar that Supreme Ct.R. 35(b) specifically sets forth the form and length of Petitions for Rehearing so that future compliance will be assured.